IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARDARYL FREEMAN, #249840,    ) | |
|        ) | |
|    Plaintiff,        ) | |
|        ) | |
| v.        ) | CIVIL ACTION NO. 2:15-CV-575-WKW |
|        ) | (WO) |
|        ) | |
| GERALD ALLEN, et al.,        ) | |
|        ) | |
|    Defendants.        ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Cardaryl Freeman ("Freeman"), a state inmate presently incarcerated at the Donaldson Correctional Facility.  In this complaint, Freeman challenges the constitutionality of his incarceration pursuant to a conviction and sentence imposed upon him in September of 2006 by the Circuit Court of Jefferson County, Alabama for capital murder in violation of *Ala. Code* § 13A-5-40-(a)(18).[1]  *Complaint - Doc. No. 1* at 4-5.  Specifically, Freeman argues that the statute under which he stands convicted is unconstitutional as it is applied in discriminatory manner and fails to contain the true intent of the legislature espoused in a 2006 House Resolution stating that "the intent of the Legislature in adding subdivision (18) to  Section

---

[1] This code section defines capital murder as a "[m]urder committed by or through the use of a deadly weapon fired or otherwise used within or from a vehicle."  After receipt of evidence in a jury trial and issuance of guilty verdict by the jury for capital murder, the trial court sentenced Freeman to life without parole for this conviction.  *Complaint - Doc. No. 1* at 5.

13A-5-40 of the Code of Alabama 1975, was that the provision would apply only to murders committed by or through the use of a deadly weapon fired or otherwise used within or from a vehicle if the motor vehicle was in some manner an instrumentality or otherwise involved in the murder." *Plaintiff's Exhibit No. 1 - Doc. No. 1-1* at 3. However, this court's review of the statute establishes that the language of the resolution has not been encompassed within the definition of capital murder as defined by *Ala. Code § 13A-5-40-(a)(18)*.

Freeman names all members of the Alabama legislature as defendants in this cause of action. Freeman requests that this court deem the capital murder statute under which he was convicted and *Ala. Code § 13A-5-40-(a)(17)* (offense made capital due to victim's presence in a vehicle when shot) unconstitutional, order the Alabama legislature to amend these statutes to conform with the 2006 House Resolution, declare the amendments retroactively applicable and order that he and other similarly situated individuals "be resentenced for a Class -A [Murder]-1st Degree ... which has a sentencing range of 10-year-99 year [or] LIFE." *Complaint - Doc. No. 1* at 6-7.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

---

[2] The court granted Freeman leave to proceed *in forma pauperis* in this case. *Order of August 7, 2015 - Doc. No. 3*. Despite Freeman's payment of an initial partial filing fee, this court must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II.  DISCUSSION

The claims presented by Freeman go to the constitutionality of his conviction for capital murder imposed upon him in 2006 by the Circuit Court of Jefferson County, Alabama.  Freeman is currently incarcerated pursuant to the sentence of life imprisonment without parole imposed upon him for this conviction.  Under well settled law, the claims raised by Freeman regarding the validity of his conviction for capital murder and the resulting sentence of life without parole provide no basis for relief in this cause of action. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that claims challenging the legality of a prisoner's conviction or confinement are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  *Heck*, 512 U.S. at 489.  The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (inmate's claims for declaratory relief, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983.").  The rule of *Heck* is therefore not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. *Balisok*, *supra*.  "It is irrelevant that [the plaintiff] disclaims

any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646-648.

The law is well settled that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" the basis for or duration of his incarceration. *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645 (The "sole remedy in federal court" for a prisoner challenging the constitutionality of his conviction or sentence is a petition for writ of habeas corpus.); *Okoro*, 324 F.3d at 490 (*Heck* directs that a state inmate "making a collateral attack on his conviction ... may not do that in a civil suit, other than a suit under the habeas corpus statute."). An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996); *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996) (Under *Heck*, "[t]he [determinative] issue ... is not the relief sought, but the ground of the challenge."). In *Balisok*, the Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.[3]

It is clear that neither the conviction nor sentence which form the basis for Freeman's incarceration has been reversed, expunged, impugned or invalidated in an

---

[3]The plaintiff is advised he must first exhaust any available state court remedies prior to seeking habeas relief from the appropriate federal court. Additionally, under the circumstances of this case, the appropriate federal court in which to file a petition for habeas corpus relief is the United States District Court for the Northern District of Alabama.

appropriate state or federal action. *Heck* and its progeny therefore bar Freeman's use of any federal civil action, other than an application for habeas corpus relief, to mount a collateral attack on his conviction and/or sentence. 512 U.S. at 489 ("Even a prisoner who has fully exhausted [all] available ... remedies has no cause of action under § 1983 unless and until the conviction ... is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Consequently, the claims presented herein which seek relief from the conviction and sentence imposed upon Freeman in 2006 by the Circuit Court of Jefferson County, Alabama are not cognizable in this cause of action and are therefore subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that on or before September 28, 2015 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day of September, 2015.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE